IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Terrance Andre Smith, )
    Petitioner, )
)
v. ) 1:09cv965 (AJT/TRJ)
)
George M. Hinkle, )
    Respondent. )

MEMORANDUM OPINION AND ORDER

Terrance Andre Smith, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for burglary, larceny, and intentional damage to a monument in the Circuit Court for the City of Portsmouth, Virginia. By Order dated February 19, 2010, this Court dismissed claims 1 and 2 of the instant petition and ordered respondent to address the remaining claim, claim 3. On March 19, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Smith was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a nonsensical response entitled "Affidavit of Oath of Office," in which he appears to refer to this action as a "binding contract". For the reasons that follow, Smith's remaining claim must be dismissed.

I. Background

On June 11, 2007, petitioner was found guilty of entering a dwelling house with the intent to commit larceny, petit larceny, and intentional damage of a monument, and he was sentenced to 11 years incarceration with 4 years and 6 months suspended. Commonwealth v. Smith, Case No. CR07-0222-01 (Va. Cir. Ct. June 11, 2007). The opinion of the Virginia Court of Appeals affirming petitioner's conviction reflects the following underlying facts:

> Jodi and Ryan Gilbert owned a home but had not yet moved into it. They had been at this home the evening of January 5, 2007 and had made sure all the doors and windows were locked. At about 9:30 a.m. the next day, Jodi Gilbert returned to the home and noticed that the front door was unlocked and heard someone inside her home. She entered the home and heard someone run. She turned and saw appellant in her laundry room holding two bags that had been on the kitchen counter the previous night. Appellant said he was "checking out the paint." Jodi Gilbert ran out of her home and contacted the police and her husband. After the police and her husband arrived, they drove around the block and found appellant hiding in the bushes. Appellant had a yellow bag that contained a gift food basket that had been in the Gilberts's kitchen cabinet. When Officer J.S. Branch arrived, appellant was in a police car with another officer. Appellant asked Branch, "Could you get my cellphone that I left upstairs?" Thereafter, Jodi Gilbert observed that the back door leading to the garage was damaged.

Smith v. Commonwealth, R. No. 1447-07-1 (Va. Ct. App. Feb. 18, 2007). On June 19, 2008, the Supreme Court of Virginia refused Smith's petition for further appeal. Smith v. Commonwealth, R. No. 080491 (Va. June 19, 2008).

Smith then pursued a habeas corpus application in the Supreme Court of Virginia, claiming (1) his constitutional right under the Double Jeopardy Clause had been violated, (2) the trial court abused its discretion by questioning the prosecution's witnesses on subject matters not raised on direct, cross or redirect examination, and (3) counsel was ineffective for failing to present a "substantial argument" demonstrating the evidence was insufficient to prove that Smith broke and entered into a dwelling house. Relief was denied and Smith's petition was dismissed. Smith v. Warden, Greensville Corr. Center, R. No. 082420 (Va. May 11, 2009).

On August 10, 2009, Smith filed the instant federal habeas petition, raising the same three claims he made in his state habeas corpus application. By Order dated February 19, 2010, this Court dismissed claims 1 and 2 as procedurally barred from review. On March 19, 2010, respondent filed a Rule 5 Answer and a Motion to Dismiss addressing the remaining claim, along with the notice required by Roseboro, 528 F.2d at 309. Smith filed a nonsensical reply that does

not address his claims. Based on the pleadings and record before this Court, it is uncontested that Smith exhausted his present claim in the state forum, as required under 28 U.S.C. § 2254.[1] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims

---

[1] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his remaining claim, Smith argues that he received ineffective assistance of trial counsel because counsel failed to present a "substantial argument" demonstrating the evidence was insufficient to prove that Smith broke and entered into a dwelling house. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v.

4

Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Smith raised the same challenge to the effectiveness of his representation that he makes here in his state application for habeas corpus relief, the Supreme Court of Virginia found the claim to be without merit, as follows:

> The record, including the trial transcript, demonstrates that counsel did argue in his motion to strike that the evidence was insufficient to prove a breaking, but that the trial court denied the motion. Further, the evidence demonstrated that the house was a "dwelling house" as Jodi and Ryan Gilbert had purchased the home eight days prior to the incident, and were in the process of moving their possessions into the house. As such, counsel was not ineffective for failing to make a futile argument.

Smith, R. No. 082420, at 2-3. As the state court recognized, the evidence clearly supported petitioner's conviction, and counsel cannot be ineffective for failing to make a futile motion. Correll v. Commonwealth, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987). Therefore, the state court's decision to deny relief on Smith's ineffective assistance of counsel claim was factually reasonable and was neither contrary to nor an unreasonable application of controlling federal law, Strickland, 466 U.S. at 694.

### IV. Conclusion

For the foregoing reasons, this petition for a writ of habeas corpus will be dismissed. Accordingly, it is hereby

ORDERED that respondent's Motion to Dismiss (Docket # 10) be and is GRANTED; and it is further

ORDERED that the instant petition for a writ of habeas corpus be and is DISMISSED WITH PREJUDICE.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to the Attorney General of Virginia on behalf of respondent and to close this civil case.

Entered this 9th day of August 2010.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge